**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-CR-149-TCK |
| ) | (07-CV-166-TCK-PJC) |
| OLEN DALE NEAL, JR., ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 33) filed by Defendant Olen Dale Neal, Jr. ("Defendant" or "Neal"). The government filed a response (Dkt. # 41). Defendant did not file a reply. For the reasons discussed below, the Court finds Defendant's § 2255 motion shall be denied.

*BACKGROUND*

On January 12, 2006, Defendant entered his pleas of guilty to possession of marijuana with intent to distribute (Count 1), possession of two firearms in furtherance of a drug trafficking crime (Count 2), and possession of an unregistered shotgun having a barrel less than 18 inches (Count 3). See Dkt. # 25. On April 12, 2006, the trial court sentenced Defendant to a total of 75 months imprisonment, as follows: 15 months on Counts 1 and 3, to be served concurrently, and 60 months imprisonment on Count 2, to be served consecutive to Counts 1 and 3. See Dkt. # 30. He was also sentenced to 5 years supervised release on Count 2, and to 3 years supervised release on Counts 1 and 3, all to be served concurrently, for a total term of 5 years supervised release. Judgment (Dkt. # 31) was entered on May 4, 2006. Neal was represented during criminal proceedings in this Court by retained counsel W. Creekmore Wallace, II. He did not file a direct appeal.

On March 15, 2007, Defendant, appearing *pro se*, filed the instant § 2255 motion (Dkt. # 33). He identifies one (1) ground of error as follows: "Movant's right to due process of law was violated when the Court sentenced him to 75 months of imprisonment under the mistaken belief Movant would qualify for a year off the imposed sentence for participation in the Drug Program." See Dkt. # 33. In response to the § 2255 motion, see Dkt. # 41, the government argues that the claim is procedurally barred or, in the alternative, that the claim lacks merit.

## *ANALYSIS*

### A. Evidentiary hearing

The Court finds that an evidentiary hearing is not necessary because "the motion and the files and records of the case conclusively show that the [movant] is entitled to no relief." 28 U.S.C. § 2255(b); see also Townsend v. Sain, 372 U.S. 293, 318 (1963), *overruled in part by* Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988). Therefore, no evidentiary hearing will be held.

### B. Defendant's claim lacks merit

A prisoner in federal custody has the right to move the sentencing court to vacate, set aside or correct the sentence if the sentence was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). As his sole proposition of error, Defendant alleges that his sentence of 75 months

is invalid because it was entered based on the Court's mistaken belief that he could participate in a substance abuse program while in prison.[1]

Respondent argues that this claim is procedurally barred as a result of Defendant's failure to raise the claim in a direct appeal. See Dkt. # 41. "Generally, a movant is barred from raising an alleged error affecting his conviction or sentence for the first time on collateral review unless he can show both cause for the default and actual prejudice." United States v. Wiseman, 297 F.3d 975, 979 (10th Cir. 2002); see United States v. Frady, 456 U.S. 152, 167-68 (1982). However, even assuming Defendant's claim is not procedurally barred, the Court finds the claim fails on its merits.[2] See United States v. Wright, 43 F.3d 491, 496 (10th Cir. 1994) (deciding § 2255 claim on the merits instead of resolving procedural bar); Wiseman, 297 F.3d at 980 (stating that "consideration of the procedural bar would not be an efficient use of judicial resources in this case"); Miller v. Mullin, 354 F.3d 1288, 1297 (10th Cir. 2004) (declining to resolve procedural bar issues in a § 2254 case "because the case may be more easily and succinctly affirmed on the merits").

In sentencing Defendant, see Dkt. # 37, the Court noted that "[u]nder the guidelines, Counts 1 and 3 is -- provides for custody of 30-37 months. Count 2 is 60 months to run consecutive to Counts 1 and 2." See id. at 4. However, after considering Defendant's history and his effort to assist the government, the Court determined that in this case, "the guideline sentence is not

---

[1]The Court notes that Defendant's claim impugns the validity of his sentence rather than challenging the administration of his sentence. As a result, it is properly before the Court under 28 U.S.C. § 2255.

[2]It is not clear whether Defendant learned that he would not be placed in a drug treatment program before the deadline for filing a direct appeal passed. However, because the claim lacks merit, the Court need not determine when Defendant knew or should have known of the factual basis for his claim.

appropriate." Id. at 10-11. Therefore, the Court reduced the minimum guideline sentence for Counts 1 and 3 by half, and sentenced Defendant to 15 months on those counts, to be served concurrently, with the mandatory 60 month sentence for Count 2 to be served consecutive to Counts 1 and 3. Id. The Court further "*recommended* that the defendant be placed in a facility where he *may* have the *opportunity* to participate in the Bureau of Prisons' 500-hour Comprehensive Drug Treatment Program." See id. at 11 (emphases added).

The sentencing transcript clearly reflects that the Court recommended that Defendant be placed at a facility where he would have the opportunity to participate in a drug treatment program. Contrary to Defendant's allegation, the sentence imposed by the Court was not based on an anticipated reduction of the time Defendant would spend in custody as a result of his participation in a drug treatment program. Furthermore, as noted by the government, the Court has no authority to order confinement in a particular facility or treatment program. United States v. Williams, 65 F.3d 301, 307 (2d Cir. 1995). The Bureau of Prisons designates the place of imprisonment. 18 U.S.C. § 3621(b). Defendant is not entitled to reduction of his sentence or any other relief from his sentence because he has not been placed in a drug treatment program as recommended by the Court at the time of sentencing. His motion to vacate, set aside or correct sentence shall be denied.

## *CONCLUSION*

Defendant has failed to demonstrate entitlement to relief on the claim asserted in his § 2255 motion. Therefore, his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 33) is **denied**.

2. A separate judgment in favor of the government shall be entered in this matter.

DATED THIS 12th day of August, 2010.

*Terence C. Kern*

TERENCE C. KERN
UNITED STATES DISTRICT JUDGE